UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DEBRA K. GARY, Individually and as Administrator of the Estate of TRAVIS LEROY GARY, Deceased, <br><br> Plaintiff, <br><br> v. <br><br> GRANT COUNTY, et al., <br><br> Defendants. | CAUSE NO.: 1:05-CV-29-TLS |

**OPINION AND ORDER**

On August 25, 2003, Travis Leroy Gary committed suicide in the Grant County Jail. The decedent's mother and administrator of his estate, Debra K. Gary, brought suit for damages under 42 U.S.C. § 1983, Indiana's wrongful death statute, and the Indiana Constitution against Grant County, numerous elected officials of Grant County, the county sheriff, and several individuals on the county staff jail. The Defendants filed a motion under Federal Rule of Civil Procedure 12(b)(6) to dismiss the claims against Grant County and the Grant County Commissioners and Council Members and to dismiss the Indiana Constitutional claims against all parties. For the reasons discussed herein, all claims against Grant County and the Grant County Commissioners and Council Members are dismissed. Because of the uncertainty in Indiana state law as to the existence of a private right of action for damages under Article 1, §§ 12 and 15 of the Indiana Constitution as claimed by the Plaintiff, the Court will defer judgment on that issue and certify the question to the Indiana Supreme Court.

**RULE 12(b)(6) STANDARD**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint and not the merits of the suit. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). The court presumes all well-pleaded allegations to be true and views them in the light most favorable to the plaintiff, and accepts as true all reasonable inferences to be drawn from the allegations. *Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir. 1995).

To survive a motion to dismiss a § 1983 action, a plaintiff must allege facts showing that the defendant, acting under the color of state law, intentionally and unlawfully deprived the plaintiff of a constitutional right. *See Patrick v. Jasper County*, 901 F.2d 561, 565 (7th Cir.1990). Federal notice pleading requires only that the plaintiff "set out in [his] complaint a short and plain statement of the claim that will provide the defendant with fair notice of the claim." *Anderson v. Simon*, 217 F.3d 472, 474–75 (7th Cir. 2000) (quoting *Scott v. City of Chicago,* 195 F.3d 950, 951 (7th Cir.1999)).

**FACTUAL BACKGROUND**

For the purpose of adjudicating the Defendants' motion to dismiss, the Court accepts as true the following facts provided by the Plaintiff.

On December 12, 2002, Travis Gary was arrested for operating a motor vehicle without a license and was booked in the Grant County Jail. Eighteen days later, Defendant Jason Ewer, a Grant County corrections officer, interviewed Gary and completed forms concerning his medical and mental health history. The officer made note of prior psychiatric treatment, past depression and substance abuse, and current feelings of hopelessness. Defendant Ewer also noted that Gary had previously attempted suicide. At this time, Gary was not referred for a psychological evaluation or

placed on suicide watch, and he was released from jail on January 2, 2003.

On February 20, 2003, Gary was arrested on charges of robbery and booked in the Grant County Jail. That day, Defendant Kenneth Beckett, another corrections officer, interviewed Gary concerning his medial and mental health history. Defendant Beckett also noted that Gary had previously received psychiatric treatment, experienced periods of depression, had a history of substance abuse, felt he had nothing to look forward to, and "sometimes feels he is losing his mind." (2d Am. Cplt. ¶ 24.) Defendant Beckett further noted that Gary had previously attempted suicide. Gary was neither referred for psychological evaluation nor placed on suicide watch.

On August 16, 2003, Velma Atkinson, Ph.D, evaluated Gary and indicated that he suffered from depression and sleeplessness, that he heard voices, and that he had paranoid ideation. No precautions were taken by the jail staff in response to this evaluation.

On August 25, 2003, Gary was discovered hanging from a vent in his cell. He was pronounced dead at about 6:00 a.m. that morning.

**PROCEDURAL BACKGROUND**

On January 26, 2005, Debra K. Gary, the decedent's mother and administrator of his estate, filed this lawsuit. The complaint seeks damages under 42 U.S.C. § 1983 against Grant County, the Grant County Commissioners and the Grant County Council Members for failing to adequately fund the jail and for failing to implement policies and customs for the training of jail workers to prevent jail suicides. The sheriff and jail employees were sued under § 1983 for their roles in establishing the customs and policies of the jail, as well as their various roles and responsibilities in caring for the physical well-being of the decedent. All defendants were sued for wrongful death under state law

3

and for violating Gary's rights under Article 1, §§ 12 and 15 of the Indiana Constitution. Jurisdiction for this claim is founded on 28 U.S.C. §§ 1331, 1343, and 1367.

On March 15, 2005, the Defendants answered the Complaint and proffered affirmative defenses. The Defendants also filed a separate Motion to Dismiss. The Plaintiff responded to this Motion to Dismiss on April, 20, 2005, and requested leave to file an amended complaint. On April 26, 2005, the Plaintiff filed her First Amended Complaint. The Defendants filed answers and affirmative defenses to the amended complaint.

On April 29, 2005, the Defendants filed their Motion to Dismiss First Amended Complaint, along with a memorandum in support of this motion, seeking dismissal pursuant to Rule 12(b)(6) of all claims against Grant County Commissioners, both in their individual and official capacities; all Grant County Council members, both in their individual and official capacities; and all claims against Grant County. Additionally, the Defendants have moved to dismiss all claims for damages brought under the Indiana Constitution as failing to state a claim under Indiana law. On May 19, 2005, the Plaintiff filed a response memorandum to the motion to dismiss. On June 6, 2005, the Defendants filed a reply in support of dismissal. On August 23, 2005 the Plaintiff filed her Second Amended Complaint, which is identical to the first, except the caption now reflects that the Plaintiff is suing individually and as administrator of Gary's estate. The Defendants filed their answer and motion to dismiss the Plaintiff's Second Amended Complaint on September 2, 2005. The Defendants' motion to dismiss the Plaintiff's Second Amended Complaint incorporates the arguments made in their previous motion to dismiss and offers no additional arguments.

## DISCUSSION

A. **§ 1983 Claims in Count III and Count IV against Grant County, the Grant County Commissioners and the Grant County Council Members in their Personal and Official Capacities**

The Plaintiff claims in Count III of her complaint that the Grant County Commissioners and Grant County Council Members are personally liable in their individual and official capacities for knowing about the risks of suicides by inmates and despite that knowledge, having "a policy or custom of failing to take adequate steps to identify individuals who posed a substantial risk of suicide or to guard against attempted suicides by such detainees once identified" and a "policy or custom of failing to train employees to identify detainees who posed a significant risk of suicide or to take appropriate precautions to guard against the risk that such inmates would attempt to commit suicide or otherwise harm themselves." (2d Am. Compl. ¶¶ 49–56.) In "Count IV" of the complaint, the Plaintiff claims that the Grant County Commissioners and Grant County Council Members are personally liable in their individual and official capacities for failing to "request and/or provide adequate funding for the operation of the Jail." (2d Am. Compl. ¶¶ 57–65.)

To begin, the Plaintiff's claims against the Grant County Commissioners and Council Members in their official capacities must be dismissed. Official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690 n.55 (1978). As the Defendants argue, nothing is added to this suit by naming the individual Commissioners and Council members as defendants so long as the county is a named party, since this ensures that the larger entity of "county government" is notified that it is potentially liable for these allegations. *See Smith v. Metro. Sch.*

*Dist. Perry Twp.*, 128 F.3d 1014, 1021 n.3 (7th Cir. 1997); *Jungles v. Pierce*, 825 F.2d 1127, 1129 (7th Cir. 1987). The Plaintiff's claims against the Grant County Commissioners and Council Members in their official capacities are dismissed in light of the claims against Grant County.

The Plaintiff's claims against Grant County and the Grant County Commissioners and Council Members in their individual capacities must be dismissed because Grant County simply has no authority over the policies and customs of the Grant County Jail. According to Indiana law, it is the county's job to build and fund the jail facility and the role of the county sheriff to operate the jail. Ind. Code §§ 36-2-13-5(a)(7) ("The sheriff shall . . . take care of the county jail and the prisoners there . . . ."), 36-2-2-24 ("The executive shall establish and maintain a . . . county jail . . . ."); *Donahue v. St. Joseph County*, 720 N.E.2d 1236, 1240–41 (Ind. Ct. App. 1999) (holding that under Indiana law, it is not the County but the Sheriff "who is charged with a statutory duty to administer the jail in a manner which preserves the safety of inmates"); *see also Radcliff v. County of Harrison*, 618 N.E.2d 1325, 1328 (Ind. Ct. App. 1993), *vacated in part on other grounds*, 627 N.E.2d 1305 (Ind.1994); *Carver v. Crawford*, 564 N.E.2d 330, 334 (Ind. Ct. App. 1990); *Delk v. Bd. of Comm'rs of Delaware County*, 503 N.E.2d 436 (Ind. App., 1987). Under Indiana law, the county has no control over the manner by which the sheriff executes his duties. *Donahue*, 720 N.E.2d at 1240 (citing *Weatherholt v. Spencer County*, 639 N.E.2d 354 (Ind. Ct. App.1994) for the proposition that operation of the county jail is solely the responsibility of the sheriff).

In order for a government official to be liable in his or her individual capacity in a § 1983 claim, the government official must be directly responsible for the improper action. *Boyce v. Moore*, 314 F.3d 884, 888 (7th Cir. 2002). Thus, where a government official has no legal authority to act, the official cannot be liable under § 1983 for failing to act. *See Doe v. Claiborne County*, 103 F.3d

495, 511–12 (6th Cir. 1996) ("Because section 1983 has a 'color of law' requirement, a board member can be held liable only if state law, whether provided by statute or judicially implied, empowers him with some legal obligation to act."). Here, Indiana law provides no authority for the county commissioners or council members to regulate the operation of the jail. Similarly, a governmental entity, such as a county, cannot be liable under § 1983 for actions taken by those entities or individuals outside of the entity's legal control. *Estate of Drayton v. Nelson*, 53 F.3d 165, 167–168 (7th Cir. 1994); *Thompson v. Duke*, 882 F.2d 1180, 1187 (7th Cir. 1989). In Indiana, the County has no legal control over the administration of the County Jail; this authority belongs to the Sheriff.

The only control the Grant County Commissioners and Council Members could be said to have over the Grant County Jail is the control over the Jail's funding. *See* Ind. Code § 36-2-2-24. The Plaintiff alleges in Count IV that the Defendants are liable under § 1983 for failing to fund the jail adequately to prevent the type of tragedy involved here. The County Commissioners and Council Members have absolute legislative immunity for their individual voting decisions regarding funding appropriations. The Supreme Court has clearly stated that "[l]ocal legislators are entitled to absolute immunity from § 1983 liability for their legislative activities." *Bogan v. Scott-Harris*, 523 U.S. 44, 54 (1998). Legislative immunity applies to members of the municipal executive branch when they are engaged in legislative acts. *Id.* at 54–55. Requesting funds and voting on appropriations ordinances are core legislative functions. The Grant County Council Members and Commissioners are absolutely immune from liability for their appropriation decisions.

For these reasons, even assuming all facts claimed by the Plaintiff are true, Counts III and IV state claims for which no relief may be granted and they must be dismissed against Grant County

7

and the Grant County Commissioners and Council Members.

**B.     State Law Claims in Counts V and VI against Grant County and the Grant County Commissioners and Council Members**

The Plaintiff seeks to hold Grant County and the Grant County Commissioners and Council Members liable for the wrongful death of Gary under the Indiana Tort Claims Act and for violating the Indiana Constitution Article I, §§ 12 and 15. (2d Am. Comp. ¶¶ 66–76.)

The state law claims against the Commissioners and Council Members must be dismissed. Indiana Code § 34-13-3-5(a) prohibits suits against individuals on a government committees concerning the acts of that committee:

> A member of a board, a committee, a commission, an authority, or another instrumentality of a governmental entity may not be named as a party in a civil suit that concerns the acts taken by a board, a committee, a commission, an authority, or another instrumentality of a governmental entity where the member was acting within the scope of the member's employment.

The Plaintiff sued the Grant County Commissioners and Council Members individually under state law for failing to take actions required by their offices. Because she failed to follow § 34-13-3-5, Counts V and VI against the Commissioners and Council Members must be dismissed.

Even if the Plaintiff had followed § 34-13-3-5 and sued the Board of Commissioners and the County Council, those state law claims would have to be dismissed just as the Plaintiff's state law claims against the County must be dismissed. Indiana Code § 34-23-1-1 allows the Plaintiff to bring a wrongful death action when "the death of one is caused by the wrongful act or omission of another." Ind. Code § 34-23-1-1. The Plaintiff also seeks damages suffered because of the Defendants' alleged violations of the Indiana Constitution. However, Grant County's alleged omissions could not have caused Gary's death. As previously stated, under Indiana state

law, the County has no responsibility for the operation of the County jail; the Sheriff does. The County cannot be liable for failing to that which it had no authority to do. Thus, Counts V and VI against Grant County are also dismissed.

C.  **Count VI Claims against Sheriff Archey and the Jail Employees for Damages under the Indiana Constitution**

With the dismissal of Grant County, the Grant County Commissioners and the Grant County Council members, the remaining Defendants are Sheriff Archey, four named jail employees, and alleged "John Doe" jail corrections officers. These Defendants are not challenging the Plaintiff's § 1983 claims in this motion to dismiss. However, the Defendants do challenge the Plaintiff's claims brought under the Indiana Constitution and heard by this Court under its supplemental jurisdiction.

In Count VI of the Plaintiff's Amended Complaint, the Plaintiff sues for damages arising from the Defendants' violation of Article I, §§ 12 and 15 of the Indiana Constitution. Article I, § 12 states: "All courts shall be open; and every person, for injury done to him in his person, property, or reputation, shall have remedy by due course of law. Justice shall be administered freely, and without purchase; completely, and without denial; speedily, and without delay." Article I, § 15 states: "No person arrested, or confined in jail, shall be treated with unnecessary rigor."

Whether a private right of action exists for violations of the Indiana Constitution is an issue that continues to stymie the federal courts, as the Indiana Supreme Court has, to date, declined to clarify the matter. *See*, *e.g.*, *Odealia Turner v. Sheriff of Marion County*, No. 94S00-0003-CQ-00136 (Ind. 2000) (declining to answer the certified question posed by the Southern

District of Indiana in *Turner v. Marion County Sheriff's Dept.*, 94. F. Supp. 2d 966, 997–98 (S.D. Ind. 2000)). Federal courts have attempted to fill this void. In *Discovery House v. Consolidated City of Indianapolis*, Judge Moody addressed the issue finding that plaintiffs could recover damages for a violation of the Indiana Constitution:

> [I]t is this court's duty to decide this issue as it believes the Indiana Supreme Court would, were it to do so. *Cf. Kutsugeras v. AVCO Corp.*, 973 F.2d 1341, 1346 (7th Cir. 1992). Because this court believes the Indiana Supreme Court would recognize a claim for damages based on a violation of the Equal Protection Clause of the Indiana Constitution, Article I, § 23, Discovery House's claim for damages thereon will not be dismissed at this stage of the litigation.

43 F. Supp. 2d 997, 1004 (N.D. Ind. 1999). As Judge Moody acknowledged in *Discovery House*, the Indiana Supreme Court has not explicitly recognized an independent claim for damages for a violation of the Indiana Constitution, but the Indiana Supreme Court has implicitly accepted that a party may sue for damages resulting from a violation of the Indiana Constitution, and some lower Indiana courts have held or assumed that actions for damages will lie for a violation of the Indiana Constitution. *Id.* (citing *Bayh v. Sonnenburg*, 573 N.E.2d 398 (Ind. 1991); *Hilburt v. Town of Markleville*, 649 N.E.2d 1036, 1041 (Ind. App. 1995); *Orr v. Sonnenburg*, 542 N.E.2d 201, 205 (Ind. App. 1989)); *see also Kelley v. City of Michigan City*, 300 F. Supp. 2d. 682, 688–89 (N.D. Ind. 2004) (assuming without discussion that the plaintiff may sue for violations of the Indiana Constitution).

The Defendants urge the Court to reconsider the lower Indiana courts' interpretation and follow the path taken by the Southern District of Indiana, which has invoked the principles of federalism and judicial deference to the legislative process as reasons why federal courts should hesitate to find a private right of action to sue under the state constitution. Two recent cases have stated:

> [R]ecognizing such an implied right to sue for damages under the Indiana Constitution would work a dramatic change in Indiana law, in the relationships between citizens and their state and local governments, and between those governments and their employees. If such a step is to be taken, it will need to be taken by the Indiana courts, not by a federal court whose duty is to apply existing Indiana law.

*Estate of O'Bryan v. Town of Sellersburg*, 2004 WL 1234215, at *21 (S.D. Ind. May 20, 2004), *quoted in Raines v. Strittmatter*, 2004 WL 2137634, at *2–*3 (S.D. Ind. June 29, 2004).

The Court finds that the proper course is to follow the course set by Magistrate Judge Rodovich in *Cantrell v. Morris*, 2005 WL 1159416, at *8 (N.D. Ind. May 17, 2005), who certified a similar question to the Indiana Supreme Court: whether a private right of action exists for violations of Article I, § 9 of the Indiana Constitution. Under Indiana Rule of Appellate Procedure 64, a federal district court "may certify a question of Indiana law to the [Indiana] Supreme Court when it appears to the federal court that a proceeding presents an issue of state law that is determinative of the case and on which there is no clear controlling precedent." As in *Cantrell*, this Court finds that it cannot rule on whether the Plaintiff's case should be allowed to proceed against the remaining Defendants on Count VI of his Complaint without ruling on an issue of Indiana law on which there is no clear controlling Indiana precedent. Accordingly, the Court will certify to the Indiana Supreme Court the issue of whether a private right of action for damages exist under Article 1, §§ 12 and 15 of the Indiana Constitution and defer ruling on this issue until it receives the court's answer.

## CONCLUSION

Defendant's motions [DE 35, 18] to dismiss the Plaintiff's Complaint and First Amended Complaint are dismissed as moot. For the reasons stated, the Court GRANTS IN PART the

Defendants' Motion to Dismiss [DE 43]. The Court DISMISSES from this case David Glickfield, Karen Bostic Weaver, and Jeremy Diller (in their official capacities as members of the Grant County Board of Commissioners and as individuals); Dave Green, Niles King, Paul Baker, Richard A. Beck, Timothy Enyeart, Michael Row, and Larry Oradat (in their official capacities as members of the Grant County Council and as individuals); and Grant County, all named Defendants.

Furthermore, the Court CERTIFIES the following question to the Indiana Supreme Court: Does a private right of action for damages exist under Article 1, §§ 12 and 15 of the Indiana Constitution, and if so, what are the elements of the action the plaintiff must prove? The Indiana Supreme Court may reformulate this question if it deems that course appropriate. Nothing in this certification is intended to limit the scope of the court's inquiry.

Pursuant to Indiana Appellate Rule 64(B), the Clerk is ORDERED to provide the Indiana Supreme Court with copies of:

1) this Order;

2) the docket in this case, including the names of the parties and their counsel; and

3) the Plaintiff's Second Amended Complaint [DE 42], the Defendants' Motion to Dismiss Plaintiff's First Amended Complaint [DE 35], Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint [DE 43], the Defendants' Memorandum in support of their Motion to Dismiss Plaintiff's First Amended Complaint [DE 36], the Defendants' Memorandum in support of their Motion to Dismiss Plaintiff's Second Amended Complaint [DE 44], the Plaintiff's Response to the Motion to Dismiss [DE 28], and the Defendants' Reply to the Motion to

Dismiss [DE 38].

The Court DEFERS ruling on the Defendants' motion to dismiss Count VI of the Plaintiff's First Amended Complaint until it receives the Indiana Supreme Court's answer on this issue.

The Court SETS this matter for a telephone status conference on Tuesday, January 10, 2006, at 1:30 PM before Judge Theresa L. Springmann.

SO ORDERED on September 19, 2005.

    S/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT